# Morrison Cohen LLP

Eric M. Creizman
Partner
(212) 735-8640
ecreizman@morrisoncohen.com

*By ECF*

August 3, 2023

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

**Re:** *United States v. Adam Kaplan and Daniel Kaplan*, 2:23-CR-293 (JMA) (JMW)

Dear Judge Azrack:

      I represent Adam Kaplan and Michael Tremonte represents Daniel Kaplan in the above-referenced case.

      This letter motion is submitted jointly on behalf of Adam and Daniel Kaplan for an order under the All Writs Act[1] compelling Cadwalader, Wickersham, & Taft LLP ("CWT") to provide the Kaplans with CWT's file relating to its representation of the Kaplans from August 2021 through November 2022 (the "Kaplan File"). As discussed in the Kaplans' filings seeking the same file in the parallel SEC enforcement action before this Court, CWT represented the Kaplans in connection with parallel investigations by the SEC and the U.S. Attorney's Office of the very conduct alleged in this Indictment.[2] *See SEC v. Adam S. Kaplan and Daniel E. Kaplan*, 2:23-CV-1648 (JMA) (ARL) ("SEC Action"), ECF Nos. 24, 31, and 33.

      The Kaplan File includes materials and information necessary for the Kaplans to prepare a defense to the charges in this case, including: (i) CWT's written communications with the SEC, the U.S. Attorney's Office, IHT, former clients of the Kaplans, other potential witnesses, other counsel, and other third parties; (ii) CWT's notes and memoranda to file of conversations with, presentations to, or interviews of those parties and any documents shown or provided to those parties; (iii) documents the Kaplans provided to CWT that were not produced to the SEC

---

[1] 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

[2] CWT also represented the Kaplans in connection with litigation against IHT Wealth Management, LLC, referenced in the Indictment as the "Financial Services Firm."

# Morrison Cohen LLP

Hon. Joan M. Azrack
August 3, 2023
**2** | P a g e

in discovery; and (iv) the documents that CWT produced voluntarily to the U.S. Attorney's Office.  *See* ECF No. 35 at 1.

Although the Kaplans paid CWT $1.65 million in fees and disbursements during the course of its representation, CWT asserts a retaining lien on the Kaplan File based on its contention that the Kaplans owe additional legal fees in the range of approximately $760,000[3] to over $1 million.[4]  The Kaplans vigorously dispute that they owe CWT any additional fees beyond the $1.65 they have already paid to that firm and have sued CWT in New York Supreme Court, Nassau County, seeking disgorgement and monetary damages as well as the Kaplan File, alleging that CWT, among other things, engaged in improper and promiscuous billing practices.  *See* SEC Action, ECF Nos. 31, 31-1, 31-2, 31-3, and 31-4.

Magistrate Judge Lindsay found that the Kaplans "may be prejudiced" in the SEC action if they are unable to obtain the Kaplan File, but denied the Kaplans' motion, without prejudice, on two independent grounds.  *See* ECF No. 35 at 1.  *First*, the Court considered the Kaplans' application to be a discovery motion that was premature because the Kaplans had not served a subpoena on CWT.[5]  *Id.  Second*, the Court reasoned that the determination of the Kaplans' motion to compel the Kaplan File "would require the Court to adjudicate the very issue currently before the state court—that being Cadwalader's entitlement to a charging lien and to retain the Kaplan's legal file. . . .  Therefore, any decision on the instant motion to compel could interfere or even conflict with the work of the state tribunal."  *Id.* at 1-2.

As an initial matter, we disagree that the Kaplans' application for an order to compel CWT to turn over the Kaplan File is a motion for discovery.  It is a motion to obtain documents and information from prior counsel—including documents that the Kaplans provided to CWT for use in their defense— that rightfully belong to the Kaplans and are necessary to their defense in the criminal case.  *See Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 320 (S.D.N.Y. 1991) ("Having been hired to serve the client, the attorney cannot fairly be authorized to subvert the client's interests by denying to the client those work papers to which the client deems it necessary to have access.").

Furthermore, an order compelling CWT to turn over the Kaplan File neither requires an adjudication of the merits of the Kaplans' action against CWT in state court nor threatens to interfere with the business of that court.  The litigation of the Kaplans' claims in the state court case—for legal malpractice, breach of fiduciary duty, fee forfeiture, the return of legal fees expended, and punitive damages—will proceed in due course (together with any counterclaims) and the return of the Kaplans' file will not adversely impact that proceeding in any way.

---

[3] SEC Action, ECF No. 31 at 3.

[4] SEC Action, ECF No. 32 at 1.

[5] On July 27, 2023, the Kaplans served a subpoena on Cadwalader in the SEC Action.  A copy of that Subpoena is annexed hereto as Exhibit A.

Morrison Cohen LLP

Hon. Joan M. Azrack
August 3, 2023
**3 | P a g e**

  We recognize that, as a general matter, the purpose of the common law retaining lien "is to assist the attorney in preventing a client from refusing or failing to pay charges justly due." *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983). And, as the Second Circuit has observed, "[t]o permit a client in arrears to obtain the use of the papers would rob the lien of its intended force." *Id.* at 683. Those general principles, however, are not implicated by the circumstances presented here and thus do not warrant the enforcement of CWT's purported retaining lien against the Kaplans. CWT is a preeminent international law firm now in its 230th year of existence and is the oldest continuously operating law firm in the United States. The firm brought in gross revenues of $544 million (including $1.65 million from the Kaplans) in 2022—a year that its Managing Partner boasted was the firm's "second-best year ever."[6] Losing whatever leverage CWT may exert under its purported retaining lien to obtain the approximately $760,000 it contends it is owed—a mere 0.1% of its 2022 revenues—after having already extracted $1.65 million from the Kaplans, poses no existential threat to the firm.

  By contrast, with criminal charges now lodged against them, the Kaplans' liberty interests are very much at stake. They desperately need the Kaplan File to mount a defense to those charges. The cold indifference exhibited by CWT's heavy-handed refusal to provide their former clients the means to defend themselves in a case that threatens their freedom and their futures is both astonishing and unprecedented. Indeed, we have found only one case in this Circuit in which a law firm asserted a retaining lien against a former client in a criminal case, *United States v. Victor Teicher & Co., L.P.*, 1990 WL 71487 (S.D.N.Y. May 25, 1990). Unsurprisingly, the law firm asserting the retaining lien "cited no criminal case, and the Court's independent research revealed none, where an attorneys' lien was asserted and enforced in a criminal case where proceedings were ongoing." *Id.* at *3. The court observed that "serious constitutional concerns are implicated in allowing an attorney's understandable interest in tactically litigating a fee dispute to take precedence over a defendant's right to a speedy resolution of criminal charges against him with the benefit of effective representation of counsel." *Id.* Accordingly, the court ordered the law firm to turn over its litigation file to the defendant "under the general supervisory powers granted the district courts under the so-called All Writs Act, 28 U.S.C. § 1651(a)." *Id.* The same result is required here.

  For all of the foregoing reasons, we respectfully request that the Court order Cadwalader Wickersham & Taft LLP to promptly provide the Kaplans with access to their file.

---

[6] *See* Dan Rowe, *Following a Record Year in 2021, Cadwalader Sees Double-Digit Declines as Market Cools*, THE AMERICAN LAWYER, Mar. 8, 2023, *available at* https://www.law.com/americanlawyer/2023/03/08/following-a-record-year-in-2021-cadwalader-sees-double-digit-declines-as-market-cools/?slreturn=20230703003512.

# MorrisonCohen LLP

Hon. Joan M. Azrack
August 3, 2023
**4 | P a g e**

  We thank the Court for its consideration in this matter.

Respectfully Submitted,

/s/ Eric M. Creizman
Eric M. Creizman

Attachment (Exhibit A, Subpoena Duces Tecum issued to Cadwalader Wickersham & Taft LLP)

cc: Victor L. Hou, Esq., Cleary Gottlieb Steen & Hamilton LLP (by Federal Express and Email)
  *Attorney for Cadwalader, Wickersham, & Taft LLP*

  AUSAs Adam Toporovsky and Anthony Bagnuola (by ECF and email)

  Michael Tremonte, Esq. (by ECF and email)
  *Attorney for Daniel Kaplan*