# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
DAVID H. BOTTER
JORGE U. JUANTORENA
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN

ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
CATHERINE S. GRIMM
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
RESIDENT COUNSEL

D: +1 212 225 2609
vhou@cgsh.com

August 10, 2023

**VIA ECF**

The Honorable Joan M. Azrack
United States District Judge
100 Federal Plaza
Central Islip, New York 11722

Re:   United States v. Adam Kaplan and Daniel Kaplan, 2:23-CR-293 (JMA) (JMW)

Dear Judge Azrack:

We represent non-party Cadwalader, Wickersham & Taft ("CWT") in the matter referenced above and respectfully submit this response to the August 3, 2023 letter submitted by Adam Kaplan and Daniel Kaplan (ECF 16, the "August 3 Letter"), demanding that the Court enter an order pursuant to the All Writs Act overriding CWT's right to assert a retaining lien over its file based on the Kaplans' refusal to pay approximately $1 million in legal fees. As set forth below, CWT respectfully requests that this letter request be denied because the Kaplans have already sought to litigate this precise issue in state and federal court, and in any case, they cannot meet the requirements set by the Second Circuit for overriding a law firm's retaining lien.

The fees that the Kaplans have refused to pay relate to CWT's work in representing them in multiple matters for more than a year. In December 2022, following a breakdown in the relationship, and after the Kaplans engaged new counsel and stopped paying CWT's bills, CWT withdrew from the representation. In March 2023, the Securities and Exchange Commission ("SEC") filed multiple investment adviser fraud charges against the Kaplans ("SEC Action"). Several months later, in June 2023, the Kaplans brought suit against CWT and a former CWT partner in Nassau County, alleging malpractice, challenging CWT's fees, and demanding CWT to turn over its case file. *See* Complaint, *Kaplan v. Cadwalader Wickersham & Taft, LLP*, No. 609236/2023 (Sup. Ct. Nassau Cnty. June 12, 2023), NYSCEF 1 (the "Complaint").

The Honorable Joan M. Azrack, p. 2

Despite having commenced the state court suit seeking turnover of the CWT file on June 12, the Kaplans sought to inject the *same* demand into the SEC Action by filing on June 23 a purported "motion to compel" CWT to produce its file. *See SEC v. Kaplan*, No. 2:23-CV-01648 (E.D.N.Y. June 23, 2023), ECF 31. Magistrate Judge Lindsay rejected this maneuver, ruling that the Kaplans could not seek an order compelling discovery from a non-party without serving a subpoena and that, in addition, the Court would abstain from addressing the Kaplans' demand for CWT's file, because "it is clear that resolution of this motion would require the Court to adjudicate the very issue currently before the state court – that being, Cadwalader's entitlement to a charging lien and to retain the Kaplan's legal file." *Id.*, Order, ECF 35. The Kaplans did not seek review of Magistrate Judge Lindsay's ruling. Instead, they served a subpoena on CWT in the SEC Action, which will be contested and which does not overcome Magistrate Judge Lindsay's abstention ruling. Now, they have opened up yet another front in this Court. As with the other two proceedings, the Kaplans filed their demand without any prior notice to CWT – and without even trying to engage with CWT on the simple step needed for release of the case file: the posting of security for the unpaid fees or payment of the fees subject to a claim for their return. Indeed, CWT has offered to release the case file if either of these steps were taken. Before even reaching the merits, the Kaplans' demand fails on two threshold grounds.

First, CWT is not a party to this action or counsel to any party. By contrast, the two cases the Kaplans cite concerning retaining liens involved counsel to a party in an action whose withdrawal was subject to the court's supervisory powers. *See Pomerantz v. Schandler*, 704 F.2d 681, 682 (2d Cir. 1983) (substituting counsel that asserted retaining lien); *United States v. Victor Teicher & Co.*, No. 88 CR 796, 1990 WL 71487, at *1 (S.D.N.Y. 1990) (firm sought to withdraw and "no formal order relieving [the firm]" had been entered).[1] Here, the Kaplans have their own counsel and cannot bring CWT within the Court's jurisdiction in this criminal action merely by copying their former counsel on a letter. Further, despite the Kaplans' passing reference to relief under the All Writs Act, they do not even attempt to satisfy the requirements for invoking this "extraordinary" remedy, including demonstrating that they lack any "other[] adequate remedies at law." *Clinton v. Goldsmith*, 526 U.S. 529, 537–38 (1999). Nor could they as they are currently pursuing the *same* relief in the state court action that they commenced and in the SEC Action. *See generally* Complaint; Exhibit A to August 3 Letter.

Second, as Magistrate Judge Lindsay has already ruled in rejecting the Kaplans' motion to compel the file turnover in the SEC Action, basic abstention principles require abstaining from "adjudicat[ing] the very issue currently before the state court," – *i.e.*, Cadwalader's entitlement to "a charging lien and to retain the Kaplan's legal file," which could result in rendering a decision that "could interfere or even conflict with the work of the state tribunal" in the prior suit that the Kaplans themselves commenced. SEC Action, Order, ECF 35. The Kaplans should be barred from attempting to evade that ruling by making the same demand here in yet a different action. And even if not barred, we respectfully submit that the Kaplans' demand here should be rejected on abstention grounds, as Magistrate Judge Lindsay rightly determined. *Id.*[2]

---

[1] The Kaplans inaptly cite *Martin v. Valley Nat. Bank of Arizona*, which had nothing to do with a retaining lien but instead addressed whether a law firm could invoke the work-product doctrine over requested documents. 140 F.R.D. 291, 320–21 (S.D.N.Y. 1991).

[2] Contrary to their argument, their state court Complaint demonstrates that they are seeking there the same relief that they demand here. *Compare* Complaint at 1 and ¶ 116 (seeking "access to the Kaplans' legal file" and to challenge

Even if the Kaplans could overcome these two bars, their attempt to circumvent CWTs' retaining lien should be rejected under the Second Circuit's decision in *Pomerantz*. *Pomerantz* involved former clients who sought to override a retaining lien by asserting that they needed their former counsel's case file in light of an impending criminal prosecution. 704 F.2d at 682. Emphasizing that "[i]t is settled that an attorney may claim a lien for outstanding unpaid fees and disbursements," the Second Circuit explained that "the right to retain the papers is valuable to the attorney in proportion as denial of access to them causes inconvenience to the client" and accordingly "[t]he attorney's lien cannot be disregarded merely because the pressure it is supposed to exert becomes effective." *Id.* at 683 (citations omitted). Rather, the Second Circuit explained that a client seeking to override a retaining lien must demonstrate that it "has an urgent need for the papers to defend a criminal prosecution *and* will be seriously prejudiced by withholding of them *but lacks the means to pay the lawyer's fee and disbursements*." 704 F.2d at 683 (emphasis added); *see also id.* (emphasizing that client must make "a clear showing" of all three requirements, including "inability to pay the legal fees or post a reasonable bond").

As to the need and prejudice requirements, the Kaplans merely proclaim that they need the case file and will be prejudiced without it. As noted, CWT withdrew from representing the Kaplans and was replaced by new counsel more than half a year ago, in December 2022. Much of the information the Kaplans proclaim to be necessary is either stale (*e.g.*, communications with and presentations to the SEC or U.S. Attorney's Office from 2021 or 2022) or duplicative of information already contained in the record (*e.g.*, interviews of the Kaplans' former clients whose complaints against the Kaplans form the basis for this action and the SEC Action). As to documents produced and withheld, the Kaplans have copies of everything they provided to CWT and know which documents that they demanded be withheld from production. The Kaplans therefore cannot demonstrate the particularized need and prejudice necessary to satisfy this requirement.

Nor did the Kaplans even attempt to satisfy the separate requirement to demonstrate their "inability to pay the legal fees or post a reasonable bond." 704 F.2d at 683. In *Pomerantz*, the Second Circuit made clear that overriding a firm's retaining lien without satisfying this requirement is error. Specifically, the Court found that "[a]ssuming *arguendo* the existence of a particularized need for the papers, the record contains no information regarding the [client]'s financial condition and specifically their ability to pay [the firm's] fees and disbursements or to post security pending any differences with respect to them." *Id.* The Second Circuit reversed the lower court's ruling that "erroneously rejected, without explanation or finding, [the firm's] request that a bond be posted." Even if the Kaplans could establish a particularized need for the CWT file, they would need to post a bond or demonstrate their inability to do so.[3] The Kaplans plainly have not satisfied this basic requirement – and, indeed, they both have recently submitted appearance bonds for millions of dollars. ECF 15. For this reason and the others set forth above, CWT respectfully submits that the Kaplans' extraordinary demand under the All Writs Act for an order directing non-party CWT to turn over the files and overriding its retaining lien should be denied.

---

purportedly "unlawful retention of the Kaplans' legal file") *with* August 3 Letter (seeking order compelling CWT "to provide the Kaplans with CWT's file relating to its representation of the Kaplans").

[3] The Kaplans' argument that CWT has no right to a retaining lien because it is large and has substantial revenues is baseless. The purpose of a retaining lien is to protect against clients like the Kaplans who obtain legal services and then refuse to pay for it – there is no forfeiture of a law firm's remedies simply because it is large or successful.

The Honorable Joan M. Azrack, p. 4

                                                    Respectfully submitted,

                                                    Victor L. Hou
                                                    David H. Herrington

cc:      All counsel of record (via ECF)