# MorrisonCohen LLP

*By ECF*

August 25, 2023

The Honorable James M. Wicks
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:** *United States v. Adam Kaplan and Daniel Kaplan*, 2:23-CR-293 (JMA) (JMW)

Dear Magistrate Judge Wicks:

I represent Adam Kaplan, and Michael Tremonte represents Daniel Kaplan in the above-referenced action.

On Monday, August 21, 2023, during oral argument on the Kaplans' pending motion to compel, Your Honor invited the parties to provide supplemental briefing on the scope of materials that a client is entitled to from prior counsel's case file. Specifically, the Court asked whether the Kaplans would be entitled to notes and memoranda to file of witness interviews and conversations with prosecutors considering the New York Court of Appeals' opinion in *Sage Realty v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30 (1997), which provided a narrow exception for certain internal work product. *See* Aug. 21, 2023 Tr. at 38:20-39:23, 41:21-43:23.

In *Sage Realty*, the plaintiff had been represented by the Proskauer firm in connection with a mortgage financing transaction. *Sage Realty*, 91 N.Y.2d at 32. During the later stages of the transaction, Sage Realty replaced Proskauer with a different law firm. *Id.* at 33. The successor firm sought all of Proskauer's files relating to the representation, and tendered payment for Proskauer's outstanding fees and disbursements. *Id.* Proskauer turned over what the court described as "end product documents," such as the closing papers, certain files provided by the client, correspondence with the client, and documents supporting the closing papers, including appraisals, tax forms, formal legal opinions, and environmental and engineering reports. *Id.* at 33, 37. Proskauer declined, however, to turn over internal legal memoranda, draft deal documents, markups of those documents, notes on contracts and transactions, correspondence with third parties, and notes taken of negotiation meetings. *Id.* Sage moved for the turnover of the entire case file, including attorney work product, and both the trial court and the intermediate appellate court ruled in favor of Proskauer. *Id.* at 33, 37.

The Court of Appeals reversed, holding that Sage had presumptive access to the entire case file, including attorney work product. *Id.* at 37 ("Barring a substantial showing by the Proskauer firm of good cause to refuse client access, petitioners should be entitled to inspect and copy work product materials, for the creation of which they paid during the course of the firm's representation."). The *Sage Realty* court, however, excepted from disclosure documents

909 Third Avenue, New York, NY 10022-4784  •  p:212.735.8600  •  f:212.735.8708  •
www.morrisoncohen.com #12388201v1\031119\0001

#12388557v1\031119\0001

**Morrison Cohen LLP**

Hon. James M. Wicks
August 25, 2023
**2 | Page**

which might violate a duty of nondisclosure to third parties, or otherwise imposed by law, as well as "firm documents intended for internal office review and use." *Id.* The court provided as examples:

> documents containing a firm attorney's general or other assessment of the client, or tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in that representation. *Such documents presumably are unlikely to be of any significant usefulness to the client or to a successor attorney.*

*Id.* at 37-38 (emphasis added).

District courts in this Circuit addressing a client's access to an attorney's case file consistently have interpreted *Sage Realty* narrowly, and have held that a client is entitled to presumptive access to counsel's work product created in connection with the representation. *See, e.g., Polin v. Wiseheart & Koch*. 2002 WL 1033807 (S.D.N.Y. May 22, 2002); *Gruss v. Zwirn*, 296 F.R.D. 224 (S.D.N.Y. 2013). *Polin* involved a malpractice action in which the client sought a substantial number of documents from his former attorney that the attorney withheld on the basis of work-product immunity. *Polin*, 2002 WL 1033807, at *1. Prior counsel, relying on *Sage*, argued that its opinion work product was protected from disclosure. *Id.* at 3. Magistrate Judge Dolinger rejected that argument, ruling that "*Sage* does not so hold" given that court's observation that the kind of materials it held were excepted from client access were "unlikely to be of any significant usefulness to the client":

> [The *Sage*] decision does not exclude opinion work product from production to a client. Moreover, from the discussion in *Sage*, it is evident that what may be withheld *turns upon the needs of the client*, and that even opinion work product is subject to production on that basis.

*Id.* (emphasis added).

Likewise, in *Gruss*, the plaintiff, a former CFO of the defendant corporation, sought interview notes and summaries pertaining to 21 witnesses whose statements defendant's attorney, Gibson Dunn, disclosed to the SEC. *Gruss*, 296 F.R.D. at 226. After the court ordered that the materials be turned over to plaintiff because the disclosure to the SEC waived work product protection, Gibson Dunn objected to the production of its attorneys' interview notes, arguing that under *Sage*, those notes were excepted from disclosure because they were intended for internal use only. *Id.* at 228. Judge Gardephe rejected Gibson Dunn's argument that its handwritten interview notes fell within the "'narrow exception[]' of *Sage Realty* for 'firm documents intended for internal law office review and use.'" *Id.* at 229.

**MorrisonCohen** LLP

Hon. James M. Wicks
August 25, 2023
3 | P a g e

  According to the court in *Gruss*, "notes made to record what a witness said during an interview are not the type of documents [the *Sage Realty*] exception contemplates." *Id.* Indeed, such interview notes are not "'internal' to a law firm and are not 'recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in that representation.'" *Id.* (citations omitted). The court also noted that "the *Sage Realty* 'narrow exception' applies only to internal documents of a law firm that are 'unlikely to be of significant usefulness to the client,'" which was certainly not the case with the interview notes sought there, and, indeed, is not the case with the materials sought here. *Id.* (citations omitted). *See also, Ray v. Balestriere Fariello LLP,* 2019 WL 5212359, at *10 (S.D.N.Y. Oct. 16, 2019) ("Ray's litigation file consists of more than just the documents that have been publicly filed. It also consists of 'any documents possessed by the lawyer relating to the representation.'") (citing and quoting *Sage Realty*); *Rackwise, Inc. v. Foley Shechter Ablovatskiy, LLP*, 2020 WL 7342743, at *8 (S.D.N.Y Dec. 14, 2020) ("On its face, the work product protection 'does not give an attorney the right to withhold work product from his own client, and in fact it has been specifically read as not requiring such a result.'") (citation omitted); *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 281, 320 (S.D.N.Y. 1991) (the principle that clients are entitled to the entire case file in their attorney's possession "is not surprising in view of the evident inapplicability of the rationale for the work-product rule to an attorney's efforts to withhold the fruits of his professional labors from the client, who presumably paid for and was the intended beneficiary of those labors.")[1]

  The work product the Kaplans seek from Cadwalader here—notes and memoranda to file of witness interviews, and meetings with prosecutors and SEC Staff Attorneys—plainly do not fall within the *Sage Realty* exception. Those materials are critical to defending the Kaplans in this criminal case. Moreover, the majority of courts in this Circuit that have addressed this question have held that federal, not state, law applies to the disputes relating to work product in

---

[1] Courts in other Circuits have similarly held. *See Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982) ("The work product doctrine pertains to materials prepared by an attorney in preparation for litigation when the materials are sought by an adversary of the attorney's client. . . . Thus, the work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation."); *Resolution Trust Corp.. H----, P.C.*, 128 F.R.D. 647, 648-49 (N.D. Tex. 1989) ("The parties admitted at the hearing the virtually universal practice of former attorneys transferring the entire client file to new counsel. In such cases, former attorneys do not withhold anything from the file, and any materials which they wish to keep are copied at their own expense. . . . More importantly, the protection afforded by the [work product] doctrine is for the benefit of the client, and thus cannot be used by his own attorney against him.").

# MorrisonCohen LLP

Hon. James M. Wicks
August 25, 2023
**4** | P a g e

federal court, and federal law indisputably provides clients with a broader right of access to their prior attorneys' work product.[2]

Accordingly, for these reasons and the reasons set forth in our prior submissions and during oral argument, the Court should compel Cadwalader to produce its entire case file to the Kaplans, including, but not limited to: (i) notes and memoranda to file of witness interviews and of meetings with prosecutors and SEC staff attorneys; (ii) Cadwalader's written correspondence with the SEC, the U.S. Attorney's Office, IHT Wealth Management, LLC, former clients of the Kaplans, other potential witnesses, other counsel, and other third parties, (iii) documents that Cadwalader both produced to, and withheld from the SEC and the U.S. Attorney's Office; and (iv) documents the Kaplans provided to Cadwalader to assist in the representation.

Incidentally, with respect to the last category, we learned this week, after oral argument, that in or around February 2022, Cadwalader forensically extracted all emails from all known personal email accounts of Adam Kaplan and Daniel Kaplan, and forensically imaged all of the Kaplans' computers, tablets, and cell phones. From these materials, Cadwalader selected and produced a subset to the U.S. Attorney's Office. Obtaining forensic copies of this data and the materials selected and produced to the government in February 2022 plainly would be invaluable to the defense.[3]

---

[2] The courts in both *Polin* and *Gruss* also held that *Sage Realty* does not govern issues relating to access to work product because in federal court, those issues are governed by federal law, not state law. *See Polin*, 2002 WL 1033807, at *2 ("[D]efendants' invocation of *Sage* does not save their position. It fails first because the decision embodies a statement of New York law, whereas the issue before us is . . . governed by federal law. . . ."); *Gruss*, 296 F.R.D. at 228 ("In considering whether *Sage Realty* authorizes Gibson Dunn to withhold its interview notes, it must be acknowledged, at the outset, that the weight of authority holds that issues of work product protection are governed by federal, and not state, law.").

[3] To my understanding, Cadwalader does not dispute that the Kaplans paid for all time and expenses incurred in the Cadwalader representation through at least June 2022. Thus, it can be inferred that the Kaplans paid for the forensic copying of their emails and electronic devices.

**MorrisonCohen**LLP

Hon. James M. Wicks
August 25, 2023
**5** | P a g e

We thank the Court for its consideration in this matter.

Respectfully submitted,

/s/ Eric M. Creizman
Eric M. Creizman
Joanna Hoodes
*Attorneys for Adam Kaplan*

Michael Tremonte
Brachah Goykadosh
Sher Tremonte LLP
*Attorneys for Daniel Kaplan*