**SHER TREMONTE** LLP

July 24, 2025

**BY ECF**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re:   *United States v. Adam Kaplan and Daniel Kaplan,* No. 23-cr-293 (JMA)(JMW)

Dear Judge Azrack:

      We write on behalf of our client, Daniel Kaplan, regarding the four cases the government raised for the first time at the July 23, 2025 oral argument.[1] While these cases involve co-defendants who are identical twins, even a cursory review of the decisions reveals they are inapposite and, in fact, support Daniel's argument for severance.

      First, the cited cases are all post-trial appeals, such that they evaluate the district court's exercise of discretion, rather than the risk of prejudice in the first instance. For one of the cited cases, the standard is more deferential still; because the defendant-appellant failed to raise severance at trial, the circuit court reviewed her severance claim only for plain error. *United States v. Smith*, 869 F.2d 348, 356 (7th Cir. 1989).

      Second, in the cases where severance was properly raised, the allegations and evidence distinguished the twins, instead of conflating them as the Superseding Indictment and evidence do here. In *United States v. Williams*, 809 F.2d 1072 (5th Cir. 1987), the court denied severance because, although the defendants looked alike, the brothers "played entirely different roles in the criminal conspiracy." *Id.* at 1084. Because one brother "organized the financial aspects of the activities, while [the other] participated in the actual [drug] distribution," the court underscored, "[t]he jury could easily separate the evidence

---

[1] The government had ample opportunity to respond to Daniel Kaplan's argument and cited authorities, which were discussed clearly and at length in his papers, ECF No. 181 at 20–22, and failed to do so. *See United States v. Tournant*, No. 22-CR-276-LTS, 2023 WL 5276776, at *9 n.8 (S.D.N.Y. Aug. 15, 2023) (declining to consider a theory raised for the first time at oral argument). Instead, the government waited until oral argument to offer four new cases, which it boasted its interns had found, that are facially inapposite.

The Honorable Joan M. Azrack
July 24, 2025
Page 2

against the two." *Id.* The underlying charges and evidence likewise distinguished the twins in the government's other two cases. *See United States v. Mabry*, 3 F.3d 244, 251 (8th Cir. 1993) ("Although both [brothers] were charged with the same crime . . . the events underlying the charges against each of them were distinct, and four government witnesses accurately identified [the defendant-appellant] in the courtroom and testified to [his] PCP distribution activities."); *United States v. Johnson*, 219 F.3d 349, 357 & n.6 (4th Cir. 2000) ("[The twins] cite nothing in the record to indicate that witnesses confused them or that they were not separately identified," and the jury did, in fact, "distinguish the evidence against each defendant as demonstrated by the fact that it reached differing verdicts" as to each).

Here, in sharp contrast, the Superseding Indictment not only alleges Daniel and Adam Kaplan participated in the same crimes, but also that they did so through the *same conduct*. And far from making any effort to distinguish Daniel and Adam's roles, the Superseding Indictment refers to them as a single unit—"the Kaplans"—no fewer than twenty-seven times. ECF No. 149 ¶¶ 6, 16–24. Indeed, as to those allegations against Daniel, all except one paragraph alleges the exact same fact against Adam. *Id.* ¶¶ 6, 8–14, 16–25, 34, 36, 38, 42.[2] Just as the government's allegations conflate Daniel and Adam, so, too, does its evidence—a significant quantity of which refers only to "Kaplan" or otherwise describes Daniel and Adam collectively. The allegations and evidence here, then, exacerbate rather than mitigate the inevitable risk of prejudice where indistinguishable twins are tried together.

Third, contrary to the government's misstated version of Daniel's argument, Daniel does not argue for severance based on his and Adam's indistinguishable appearances alone. None of the government's cases involves Daniel's separate and independent argument that he will face unfair spillover prejudice from the quality and nature of the government's evidence as to Adam's alleged wrongs, which are not charged as to Daniel. *See* ECF No. 181 at 20. Nor do its cases involve similar arguments as to mutually antagonistic defenses. Only one of the government's four cases even suggests the defendant raised such an argument, in a single sentence. *See Mabry*, 3 F.3d at 252. In *Mabry*, unlike here, the defendant-appellant does not appear to have raised a mutually *exclusive* defense as to his twin, but only an inconsistent one. *Compare id.*, *with* ECF No. 181 at 21, *and* ECF No. 205 at 11–12 & n.3. Moreover, whereas Daniel's defenses would necessarily implicate Adam and vice versa because they are the only defendants, *see* ECF No. 205 at 11 n.3, *Mabry* involved twelve defendants—including at least one, and possibly two, additional siblings—who would be implicated by the defendant-appellant's argument, *see* 3 F.3d at 251 (discussing a third brother, who employed the defendant-appellant); *United States v. Edwards*, 4:91-cr-00089 (W.D. Mo) (listing thirteen defendants, including a fourth defendant with the same last name).

---

[2] As to the substantive wire fraud counts, the Superseding Indictment alleges two of the four instances were specific to Daniel. ECF No. 149 ¶ 40.

The Honorable Joan M. Azrack
July 24, 2025
Page 3

      Accordingly, the Court should disregard the government's easily distinguishable cases and grant Daniel Kaplan's motion for severance. We appreciate Your Honor's consideration.

                                            Respectfully submitted,

                                            */s/ Michael Tremonte*

                                            Michael Tremonte

cc: All counsel (by ECF)