Janon Fisher
6 Corporate Center Drive
Melville, NY 11747
Janon.Fisher@Newsday.com
(646) 591-8732

Aug. 7, 2025

The Honorable Joan Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 117722

Re: Request to Unseal Motions and Exhibits – United States v. Kaplan, et al, Docket No. 23 - CR - 293

Dear Judge Azrack:

I write to respectfully request that the Court unseal certain letters motions and exhibits (ECF Docket entries 75, 92, 93, 101, 168, 188) currently filed under seal in the above-captioned federal criminal prosecution. Beginning May 20, 2024 there have been no fewer than 44 documents (motions, exhibits, letters) filed under seal in the case of USA v Kaplan, et al. Nowhere in the record of the case have any of these sealings been questioned by the Court or rationalized by the defense or prosecution. As a member of the press, I submit that continued sealing of these records is inconsistent with both the First Amendment and the common law rights of public access to judicial proceedings and court documents.

## I. The Presumptive Right of Access Under the Common Law

Federal courts have long recognized a strong common law presumption in favor of public access to judicial records. As the Supreme Court stated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records." This presumption promotes transparency and accountability in judicial proceedings and is rooted in the public's right to monitor the functioning of the courts.

In determining whether the presumption of access applies, courts assess whether the document at issue is a "judicial record"—that is, whether it was filed with the court and is relevant to the judicial function. United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document"). The letters, motions and their accompanying exhibits clearly fall within this definition, particularly when they relate to the adjudication of substantive rights or procedures.

## II. The First Amendment Right of Access

In addition to the common law presumption, there exists an independent constitutional right of access under the First Amendment. This right applies when two prongs are met: (1) the proceeding or document has historically been open to the press and general public; and (2) public access plays a significant positive role in the functioning of the particular process in question. Press-Enterprise Co. v. Superior Court ("Press-Enterprise II"), 478 U.S. 1, 8–9 (1986). Courts have routinely extended this right to encompass not only trials but also pretrial proceedings and documents. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982); In re New York Times Co., 828 F.2d 110 (2d Cir. 1987).

When the First Amendment applies, sealing is permissible only if it serves a compelling government interest and is narrowly tailored to serve that interest. Press-Enterprise Co. v. Superior Court ("Press-Enterprise I"), 464 U.S. 501, 510 (1984). This is a high bar and requires specific, on-the-record findings demonstrating that sealing is essential to preserve higher values.

The Kaplan case involves the accusation of attempts to defraud elderly and disabled people of $5 million. The FBI reported a 23% increase in elder fraud complaints since 2023, making this an issue of great public interest.

## III. No Countervailing Interest Justifies Continued Sealing

To the extent the documents at issue involve sensitive information, such as the identities of cooperating witnesses or national security matters, redactions—not wholesale sealing—should be used. As the Second Circuit has explained, "[d]ocuments may be redacted to remove the risk of impairing law enforcement interests, or the privacy and reputational interests of third parties, but these concerns do not justify sealing entire documents absent a compelling showing." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006).

There is no indication on the docket that the government or any party has made the requisite particularized showing that sealing is essential, nor is there any indication that the Court has made the necessary findings. Without such findings, the sealing is constitutionally and legally infirm.

## IV. Conclusion

Transparency is fundamental to the legitimacy of the judicial process. As Chief Justice Burger once noted, "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 572 (1980).

For the foregoing reasons, I respectfully request that the Court unseal the motions and exhibits presently under seal in this matter, or, in the alternative, direct the parties to show cause why these records should remain sealed in light of the constitutional and common law presumptions favoring access.

Thank you for your attention to this matter.

Respectfully submitted,
/s/
Janon Fisher
Courts Reporter
Newsday
(646) 591-8732