**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
212 957 7601
mcohen@cohengresser.com

August 7, 2025

**VIA EMAIL**

Adam Toporovsky, Esq.
Paul Scotti, Esq.
Rebecca Urquiola, Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>United States v. Adam Kaplan</u>, Cr. No. 23-293 (JMA) (S-1)

Dear Messrs. Toporovsky and Scotti and Ms. Urquiola:

We submit this letter on behalf of Defendants Adam Kaplan and Daniel Kaplan. Based on our review of the 3500 material produced by the government, it does not contain classic impeachment material that the government is obligated to provide to the defense under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). We have set forth the categories of such impeachment evidence below and request that the government produce it promptly, together with any other *Brady/Giglio* material in the government's possession. In addition, we request that the government produce certain documents as required under Federal Rule of Criminal Procedure 16 and such other laws and rules as may be applicable as well as unredacted versions of the 3500 material. We reserve the right to make additional requests as we review the 3500 material.

    I.    *Brady/Giglio* Materials

As you are aware, the government is obligated to produce impeachment evidence to the defense under *Brady* and *Giglio*. *See Giglio*, 405 U.S. at 154-55; *see also United States v. Bagley*, 473 U.S. 667, 676 (1985) (concluding that failing to disclose "evidence that the defense might have used to impeach the government's witnesses by showing bias or interest . . . . falls within the *Brady* rule"). Accordingly, the government must disclose, among other materials, information relating to any consideration, promises or reassurances



Adam Toporovsky, Esq.
Paul Scotti, Esq.
Rebecca Urquiola, Esq.
August 7, 2025
Page 2

given by any government attorney or law enforcement official to witnesses and any witness's criminal history or other prior bad acts.  *See, e.g.*, *Giglio*, 405 U.S. at 154-55 ("[E]vidence of any understanding or agreement as to a future prosecution would be relevant to [witness's] credibility and the jury was entitled to know of it."); *Jimenez v. Graham*, No. 11-CV-6468 JPO, 2011 WL 6287999, at *4 (S.D.N.Y. Dec. 14, 2011) ("[S]uppression of a prosecution witness's criminal history and further evidence of untruthfulness may qualify as a *Brady* violation.").  We request that the government immediately disclose any *Brady/Giglio* material that has not already been produced, including but not limited to:

1. Dates and descriptions of any and all considerations or promises of consideration given (whether in writing or verbally) during the course of the investigation by any government attorney and/or law enforcement officials to or on behalf of any witness the government intends to call at trial, or any such consideration or promises expected by any such witness in the future.

    a. If any such consideration or promises were memorialized in writing, such as in the form of a written agreement for leniency, immunity, cooperation, a plea agreement, or a proffer agreement, please provide copies of those agreements.

2. Dates and descriptions of any and all statements made (whether in writing or verbally) to any witness the government intends to call at trial that he or she is or is not a target or subject of the government's investigation.

3. Dates and descriptions of the criminal history of any witness, including any prior criminal convictions, guilty pleas, transcripts of plea proceedings, and "rap sheets."

    a. With regard to Co-Conspirator-1, we request disclosure of the unauthorized criminal activity Co-Conspirator-1 previously engaged in while operating as an FBI source and on supervised release as referenced in GX-3500-▇-10.

4. Dates and descriptions of any other conduct by any witness that may undermine the witness's credibility or that constitutes "any other crime, wrong, or act" within the meaning of Rule 404(b).

    a. With respect Co-Conspirator-1, we request a description of the "suspicious money movement" that appeared to go through ▇ personal bank accounts as referenced in GX-3500-▇-19 at page 1.



Adam Toporovsky, Esq.
Paul Scotti, Esq.
Rebecca Urquiola, Esq.
August 7, 2025
Page 3

    b. With respect to ▮▮▮▮, we request the "IC3 report list" referenced in GX-3500-▮-2 at page 6.

    c. With respect to ▮▮▮▮ and ▮▮▮▮, we request any notes, communications, or other materials related to the preparation of their sworn statements to the SEC.

II.    Requests for Documents and Other Items

To the extent the materials below are not *Brady/Giglio* materials and thus encompassed by the request in Section I above, we request:

1. Copies of the documents "titled ADAM KAPLAN Update (5834.JPG)," "IMG-6023.HEIC," and "IMG_6024.HEIC" referenced in GX-3500-▮-14 at page 15.

2. Copies of the documents titled, "2018 04.16Agreement.pdf (KAPLAN015930)," "2012 Void Check.pdf (KAPLAN019086)," "2019 Official Signed Agreement.pdf (KAPLAN018972 – KAPLAN018981)," "Signed Advisory Agreement.pdf (KAPLAN016089)," "2020.06.01 Invoice to Attached Receipt.pdf (KAPLAN018496)," and "2020 06.01 BOA Signed Invoice (KAPLAN016075)," referenced in GX-3500-▮-6 at 1.

3. A copy of the forensic image of ▮▮▮▮'s phone made by the FBI on or around February 8, 2024, as referenced in GX-3500-▮-6 at 1-2.

4. A copy of the recordings of the telephone calls between ▮▮▮▮, ▮▮▮▮, ▮▮▮▮, ▮▮▮▮, and Daniel Kaplan referenced in 3500-▮-4 at page 1.

5. A copy of the spreadsheet prepared by ▮▮▮▮'s ▮▮▮▮ referenced in GX-3500-▮-5 at page 5.

6. A copy of the "Blank Check from ▮▮▮▮ (MHTDA-E- 0001219)" referenced in GX-3500-▮-5 at page 4 and any other documents with the Bates Stamp prefix beginning "MHTDA."

7. The text exchange between ▮▮▮▮ and "Kaplan" referenced in GX-3500-▮-1 at page 1.

8. A copy of the "Friendship Agreement (SEC-MHTDA-E-0001520)" referenced in GX-3500-▮-5 at page 3 and any other documents with the Bates Stamp prefix beginning "SEC-MHTDA."



Adam Toporovsky, Esq.
Paul Scotti, Esq.
Rebecca Urquiola, Esq.
August 7, 2025
Page 4

      a.  We note that, based on these references to SEC bates stamps not previously produced in Rule 16 discovery, the government appears not to have turned over the full SEC file, despite defense counsel's repeated requests. *See, e.g.*, ECF Nos. 182-8, 182-11. The missing documents, moreover, appear to be within the scope of Rule 16 discovery. *See* ECF No. 182-12 at 2 (stating the government believed it had turned over all materials from the SEC file that constituted Rule 16 discovery).

9. The documents provided by ▮▮▮▮▮ as referenced in GX-3500-▮-1 at page 1.

10. The statement of loss submitted by a credit company to FBI Special Agent John M. Ianuzzi and referenced in paragraph 117 of his Affidavit in Support of the Government's Motion to Revoke Bail, dated September 9, 2024, ECF No. 105.

In addition, please identify Co-Conspirator-1's personal bank accounts through which there appeared to be "suspicious money movement" as referenced in GX-3500-19 at page 1. Please provide bank records the government has obtained for those accounts.

Please also confirm the identity of "Bank-3" referenced in the Superseding Indictment (ECF No. 149).

To the extent any of the documents or information requested above have already been produced as Rule 16 discovery, please identify the corresponding Bates Stamps.

    III.    <u>Redacted 3500 Materials</u>

We note that several of the documents included in the government's 3500 disclosure include redactions. The redacted information appears to include birthdates, telephone numbers, email addresses, home and business addresses, Social Security numbers, bank account numbers and the FBI case file number (*see, e.g.*, GX-3500-▮-1 to -▮-12, GX-3500-▮-14 to -▮-17, GX-3500-▮-19 to -▮-20), as well as unknown information we are not able to discern based on the context of the document (*see, e.g.*, GX-3500-▮-6 at 16, GX-3500-▮-7 at 1, GX-3500-▮-11 at 4-5). We are not aware of any basis for redacting such information in light of the stipulated protective order signed by the parties. *See United States v. Rabbitt*, No. CR 23-320 (MAS), 2024 WL 4041912, at *10 (D.N.J. Sept. 4, 2024) (compelling government to disclose previously redacted personal identifying information and 3500 material because any privacy concerns were



Adam Toporovsky, Esq.
Paul Scotti, Esq.
Rebecca Urquiola, Esq.
August 7, 2025
Page 5

adequately addressed by protective order). Accordingly, please provide unredacted versions of any previously redacted 3500 material as soon as possible.[1]

    Thank you in advance for your prompt response to these requests.

    Sincerely,

    /s/ Mark S. Cohen

    Mark S. Cohen

cc: S. Gale Dick, Esq.
    Drew Dean, Esq.
    Daniel Joiner, Esq.
    Michael Tremonte, Esq.
    Noam Biale, Esq.
    Alexandra Conlon, Esq.
    Claire Blumenthal Buck, Esq.

---

[1] We also note that some of the redactions are inconsistent. For example, in GX-3500-▮-1 and GX-3500-▮-2, which are the handwritten notes and FD-302s of the FBI's May 4, 2022 interview with ▮ ▮, respectively, telephone numbers are redacted in one document but not the other. The inconsistent application of the redactions impedes the defense's ability to identify potential inconsistencies between the handwritten notes and the FD-302s.