**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
(212) 957 7601
mcohen@cohengresser.com

November 9, 2025

**BY ECF**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

  Re: *United States v. Adam Kaplan and Daniel Kaplan*,
    Case No. 23-cr-00293 (JMA)(JMW)

Dear Judge Azrack:

  We represent Adam Kaplan. In addition to joining the letter filed today on behalf of Daniel Kaplan, we further move for a mistrial in light of statements made by the government during its rebuttal summation. Specifically, the government improperly commented on the defendants' decision not to testify in violation of defendants' constitutional rights. Daniel Kaplan, by his counsel, joins this motion.

  "The prosecution cannot use the defendant's exercise of specific fundamental constitutional guarantees against him at trial." *United States v. Whitten*, 610 F.3d 168, 194 (2d Cir. 2010). It is well-settled that "the Fifth Amendment prohibits comment on the defendant's silence." *Griffin v. California*, 380 U.S. 609, 614 n.5 (1965); *see also Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976) ("*Griffin* prohibits the judge and prosecutor from suggesting to the jury that it may treat the defendant's silence as substantive evidence of guilt."). In determining whether a prosecutor's improper comments are so prejudicial as to require a new trial, courts consider "the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." *United States v. Friedman*, 909 F.2d 705, 709 (2d Cir. 1990).

  For example, in *Friedman*, the Second Circuit reversed a conviction where the government commented in its rebuttal summation that "while some people, ladies and gentlemen, go out and investigate drug dealers and prosecute drug dealers and try to see them brought to justice, there are others who defend them, try to get them off, perhaps even



The Honorable Joan M. Azrack
November 9, 2025
Page 2

for high fees." *Id.* at 708.  The Court stated that "the prosecutor managed in one breath to undermine the presumption of innocence, the Government's obligation to prove guilt beyond a reasonable doubt, and the standards of propriety applicable to public prosecutors." *Id.* at 709.  As a result, the Second Circuit reversed the conviction and ordered a new trial. *Id.* at 710.

Here, the government's statements in its rebuttal summation were similarly improper.  Specifically, the government stated: "Listen, none of the defense attorneys had to get up and address you, but they did and maybe they don't want to give you an explanation as to why these victims would lie – ." (Trial Tr. 5055:3-7).  The defense promptly objected and moved for a mistrial, which the Court denied.  (*id.* 5055:7-9).

We respectfully submit that the Court's refusal to sustain the objection "le[ft] with the jury the prosecutor's seriously distorted views of the adversary process." *Friedman*, 909 F.2d at 710.  And, for the reasons stated in the defense's summations, conviction is far from certain "absent the misconduct." *Id.* at 709.

\*\*\*

For the reasons stated above, we respectfully submit that a mistrial should be declared.

Respectfully submitted,

*/s/ Mark S. Cohen*
Mark S. Cohen
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7601
mcohen@cohengresser.com

*Attorneys for Adam Kaplan*

cc:	All counsel (by ECF)