UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

ADAM KAPLAN AND
DANIEL KAPLAN,

        Defendants.

Case No.: 2:23-cr-00293 (JMA) (JMW)

**DECLARATION OF MARK S. COHEN IN SUPPORT OF
COHEN & GRESSER LLP'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

Mark S. Cohen, an attorney duly admitted to practice before this Court, hereby declares the following to be true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner at Cohen & Gresser LLP ("C&G" or the "Firm") and counsel to Defendant Adam S. Kaplan. I submit this declaration in support of the Firm's motion for leave to withdraw from this action as counsel for Mr. Kaplan.

2. This motion for leave to withdraw is made pursuant to Rule 1.2 of the Local Criminal Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), which provides that an attorney who has entered an appearance on behalf of a criminal defendant may not withdraw "except upon prior order of the court under Local Civil Rule 1.4." This motion for leave to withdraw is also based upon the New York Rules of Professional Conduct ("NYRPC"), to which the Local Rules require counsel to adhere. In particular, NYRPC 1.16(b) and 1.16(c) set forth the circumstances in which withdrawal is

mandatory and when it is permissive.  As set forth below, C&G's motion is based on both mandatory and permissive grounds.[1]

### *C&G's Representation of Mr. Kaplan*

3.      Mr. Kaplan originally retained C&G to represent him through the trial of this matter.  C&G was not retained to represent him to the extent that the matter proceeded to sentencing or appeal.

4.      C&G appeared as counsel on behalf of Mr. Kaplan in this action on January 27, 2025.  (ECF No. 142).

5.      Since making its appearance, C&G's representation of Mr. Kaplan has included the following:

- Extensive preparation, filing, and argument of pretrial motions and other discovery motions;

- Preparation, filing, and argument of a motion for temporary release, as well as appeal of the Court's decision on that motion to the Second Circuit;

- Review of hundreds of thousands of pages of documents and extensive discovery produced by the Government and 3500 material relating to more than 80 individuals;

- Preparation and submission of numerous Rule 17(c) subpoenas and, following their approval, service of those subpoenas, correspondence and negotiations with subpoena recipients, and review of a large volume of material produced by subpoena recipients;

- Preparation to examine more than 40 individuals identified on the Government's witness lists as well as several defense witnesses;

---

[1] This declaration recites information that is not "confidential" as that term is defined in NYRPC 1.6(a) because the information is either not "embarrassing or detrimental" or is public information, such as information contained in filings made by Mr. Kaplan's new counsel, which are discussed below.  NYRPC 1.6(a) ("'Confidential Information' consists of information gained during or relation to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential.").  In addition, some of the information in this declaration represents the Firm's responses to what are effectively accusations of wrongful misconduct directed at the Firm and thus the subject of permissible response by this Firm.  NYRPC 1.6(b)(5) ("[a] lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary . . . to defend the lawyer or the lawyer's employees against an accusation of wrongful conduct").

- Extensive correspondence and litigation in an attempt to enable Mr. Kaplan to have meaningful access to discovery materials from within the Metropolitan Detention Center ("MDC") and also to obtain treatment for his medical conditions;

- Preparation, filing, and argument of numerous motions *in limine* prior to and during trial;

- Representation of Mr. Kaplan through the trial, including jury selection on September 8 and 9, 2025, and the trial itself from September 22 to November 13, 2025.

6. Throughout this entire period, subject to the limitations and restrictions referenced in our prior submissions to the Court on behalf of Mr. Kaplan, the Firm conferred with Mr. Kaplan at MDC, by videoconference, and during trial days.

7. The jury returned its verdict on November 13, 2025. The Court subsequently set a schedule for post-trial motions, as discussed below. During the post-trial period, the Firm has continued to meet and confer with Mr. Kaplan at MDC and by videoconference.

*Mandatory Withdrawal*

8. On February 23, 2026, Jeffrey M. Cohn entered an appearance on behalf of Mr. Kaplan in this case. (ECF No. 441.) Mr. Cohn also submitted letters to the Court on February 23 and 27, 2026 (ECF Nos. 442 and 445).[2] C&G had no advance notice that Mr. Kaplan planned to retain Mr. Cohn, that Mr. Cohn intended to appear in the case, or of the letters Mr. Cohn filed on the public docket. C&G learned all of this through ECF notifications.

9. The February 23, 2026 letter purports to describe a data security issue that arose with respect to C&G's email servers. (ECF No. 442). The letter inaccurately describes the nature of and facts relating to the data security issue and C&G's response. (ECF No. 442 at 1-2 & n.1). In his letters of February 23 and 27, 2026, Mr. Cohn announced his intent to conduct an

---

[2] It is unclear why Mr. Cohn publicly filed the letters on the docket, as they do not specifically seek any relief or specify any issue before the Court to which the matters raised in the letter may be relevant.

3

"independent investigation" of the Firm and the data security issue. (ECF No. 442 at 2; ECF No. 445 at 1.)

10.     Mr. Cohn's February 23, 2026 letter alludes, without elaboration, to a potential "violation of Mr. Kaplan's rights" and "putative legal relief," further demonstrating adversity between Mr. Kaplan and the Firm. (ECF 442 at 1, n. 1.)  The same letter also requests a *Curcio* hearing should the Court find it necessary, presumably because Mr. Kaplan and Mr. Cohn believe there is a conflict of interest between Mr. Kaplan and C&G. (*Id.* at 3.)

11.     Such a conflict of interest requires the Firm to withdraw from its representation of Mr. Kaplan because to do otherwise would cause it to be in violation of the NYRPC.  NYRPC 1.16(b)(1) ("[A] lawyer shall withdraw from the representation of a client when . . . the lawyer knows . . . that the representation will result in a violation of these Rules[.]"); *see also id.* Rule 1.7(a) ("[A] lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.").[3]

12.     For the confidentiality-based reason discussed below, the Firm does not believe that it can set forth a more specific basis for mandatory withdrawal in a public filing, but is prepared to do so, if ordered by the Court, on an *in camera*, *ex parte* basis. *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98 (2d Cir. 2012) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

---

[3] Mr. Kaplan's "wishes" that the Firm "remain as counsel to complete his post-trial motions and other legal issues potentially including sentencing" are of no consequence to this motion.  Pursuant to NYRPC, it is the lawyer's "reasonabl[e] belie[f] that the lawyer will be able to provide competent and diligent representation" in light of the conflict that matters.  NYRPC Rule 1.7(b)(1).

### *Permissive Withdrawal*

13.     Cohen & Gresser is also seeking leave to withdraw on a permissive basis pursuant to (i) NYRPC 1.16(c)(4), which provides that "a lawyer may withdraw from representing a client when . . . the client insists upon taking action with which the lawyer has a fundamental disagreement," (ii) NYRPC 1.16(c)(6), which provides that "a lawyer may withdraw from representing a client when . . . the client insists upon presenting a claim or defense that is not warranted under existing law," and (iii) NYRPC 1.16(c)(7), which provides that "a lawyer may withdraw from representing a client when . . . the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

14.     Among other bases for permissive withdrawal, the February 23, 2026 letter filed on the public docket by Mr. Cohn, purporting to act on behalf of Mr. Kaplan, mischaracterizes the data security issue and the Firm's response.  The letter also includes an inaccurate discussion of potential trial evidence and attacks C&G's trial strategy and demonstrates a direct conflict between Mr. Kaplan and the Firm by alleging that C&G did not seek to present at trial certain evidence despite a contrary position by Mr. Kaplan. (ECF No. 442 at 1 ("One of the potential witnesses whose data was stolen recorded an apparently exculpatory phone call.  That witness was under consideration to be called as a trial witness but was ultimately not called by the defense despite Mr. Kaplan's desire that the witness testify."))  There are other examples of fundamental disagreements that the firm can provide on a confidential, *ex parte* basis if the Court directs the firm to do so.  Respectfully, the Firm should not be required to represent a client who, through new counsel, has accused it of misconduct.[4]

---

[4] *See, e.g., Karimian v. Time Equities, Inc., Karimian v. Time Equities, Inc.*, No. 10 cv 3773 AKH JCF, 2011 WL 1900092, at *4 (S.D.N.Y. May 11, 2011), quoting *Lake v. Trucking Inc.*, 279 A.D.2d 813, 814 (3d Dept. 2001) ("[G]ood cause for withdrawal

5

15. In addition, on February 17, 2026, Mr. Kaplan signed an engagement letter to retain C&G as counsel for sentencing. Mr. Kaplan, however, has not complied with the terms of that letter in ways that independently justify permissive withdrawal.

16. Beyond the factors discussed above (including those that were publicly disclosed by Mr. Cohn), C&G does not believe that it can ethically disclose the specific reasons for mandatory or permissive withdrawal, because the disclosure of that information would reveal "confidential information" as defined by NYRPC 1.6. The Firm is following the guidance of the New York State Bar Association unofficial Comment [3] to NYRPC 1.16, which notes in relevant part:

> Court approval or notice to the court is often required by applicable law, and when so required by applicable law is also required by paragraph (d), before a lawyer withdraws from pending litigation. . . . The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 [the confidentiality rule] and Rule 3.3 [the candor to the court rule].

17. Should the Court order C&G to set out the reasons for mandatory or permissive withdrawal from the representation, C&G is prepared to do so *in camera*, *ex parte*.

### Mr. Kaplan Will Not Be Prejudiced by C&G's Withdrawal

18. Pursuant to NYRPC 1.16(e), "[e]ven when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client." We respectfully submit that

---

exists where . . . 'the client flatly challenged [counsel's] loyalty and professional integrity,' or where the 'relationship between plaintiff[s] and [their] attorney ha[s] deteriorated to the point where further representation [is] inappropriate.'").

6

any foreseeable prejudice can be avoided by an adjustment to the schedule for post-trial motions consistent with the current sentencing date.

19.    Pursuant to the Court's order of January 6, 2026, post-trial motions are due by March 30, 2026, with the Government's opposition due by May 29, 2026, and Mr. Kaplan's replies due by June 15, 2026.  On February 24, 2026, the Court ordered that the date for Mr. Kaplan's sentencing be adjourned from May 7, 2026 to October 15, 2026.  We understand that Mr. Kaplan has retained separate counsel for appeal.

20.    To allow sufficient time for Mr. Kaplan to retain substitute counsel and for substitute counsel to review the trial record and other material and prepare post-trial motions, as well as to allow the Court sufficient time to consider the present motions, C&G respectfully suggests that the date by which Mr. Kaplan's post-trial motions be submitted be adjourned.  C&G will confer with the Government on an appropriate briefing schedule.

21.    The Firm will promptly coordinate with substitute counsel to take steps for a timely and orderly transition of the file, including work product related to the post-trial motions.  In particular, the Firm will deliver to substitute counsel a draft of the opening brief in support of the post-trial motions and supporting legal research.

22.    Having retained several firms in connection with the investigation and trial of this criminal case and the related SEC investigation, including recently retaining Mr. Cohn, as well as several other lawyers in connection with prior and ongoing civil matters.  Mr. Kaplan would thus presumably be able to identify and retain substitute counsel.

*        *        *

23.    The firm is not asserting a retaining lien.

7

24.    A copy of this Declaration and the accompanying Notice of Motion for Leave to Withdraw as Counsel have been served on all parties via ECF.  Copies will also be served on Mr. Kaplan by email and Federal Express to Mr. Cohn and to persons appointed as client representatives for purposes of Mr. Kaplan's engagement of the Firm, in person, and through the procedures established by the Bureau of Prisons for persons incarcerated in the MDC.

Dated: March 6, 2026
　　　New York, New York

_____
Mark S. Cohen